IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JOEL AARON BURRELL,**

    Plaintiff,

v.                                                                     Civil Action No. **3:23CV398 (RCY)**

**WELLPATH CORPORATION,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

Joel Aaron Burrell, Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on August 22, 2023, the Court granted Burrell leave to proceed *in forma pauperis*. (ECF No. 5, at 1.) Nevertheless, by Memorandum Opinion and Order entered on October 13, 2023, the Court revoked Burrell's *in forma pauperis* status because Burrell had at least three civil actions dismissed pursuant to 28 U.S.C. § 1915A and was dishonest with the Court, and dismissed the action because Burrell's complaint was not accompanied by the $402 filing fee. (ECF Nos. 6, 7.) On October 20, 2023, the Court received a letter from Burrell seeking reconsideration of the October 13, 2023 decision. (ECF No. 9.) Burrell's letter will be construed as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Burrell does not explicitly address any of the above recognized grounds for relief in his Rule 59(e) Motion. Nevertheless, Burrell argues that certain prior cases should not count as a "strikes according to 28 U.S.C. § 1915(g)." (ECF No. 9, at 1.) Thus, the Court construes Burrell's motion as arguing that the Court should grant his Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081 (citations omitted). Burrell, however, fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice.

As explained previously, at the time Burrell requested to proceed *in forma pauperis* in the present action, Burrell had at least three civil actions dismissed for failure to state a claim upon which relief can be granted. The Court specifically cited: (1) *Burrell v. Commonwealth of Virginia*, No. 1:18CV140 (E.D. Va. Feb. 12, 2018) (dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)); (2) *Burrell v. Anderson*, No. 1:21CV864, 2022 WL 3053763 (E.D. Va. June 29, 2022) (dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)), *aff'd*, Nos. 22–6870, 22–6950, 2022 WL 17819306 (4th Cir. Dec. 20, 2022); and (3) *Burrell v. Schofield*, No. 1:21CV865 (E.D. Va. July 29, 2021) (dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1)), *appeal dismissed*, *Burrell v. Pilot*, 2021 U.S. App. LEXIS 32364 (4th Cir. Oct. 28, 2021). The Fourth Circuit recently agreed with this assessment and denied Burrell the ability to proceed *in forma pauperis* on appeal in a different case. *See Burrell v. Mayer*, No. 23–7034, at 1 (4th Cir. Nov. 9, 2023) (denying *in forma pauperis* status on appeal because Burrell has had three or more actions or appeals dismisses as frivolous, malicious, or for failure to state a claim).

First, Burrell argues that his voluntary dismissal of an appeal does not count as a strike. (ECF No. 9, at 1–2.) While that may be true, it was the district court that dismissed the case he identifies, *Burrell v. Scofield*, with prejudice for failure to state a claim. Therefore, the voluntary dismissal of his appeal was irrelevant to whether this case would be considered a strike.

Second, Burrell contends that a dismissal without prejudice for noncompliance with an order cannot count as a strike. (ECF No. 9, at 2.) However, a review of the case he cites, *Burrell v. Anderson*, shows that the Court dismissed the action for failure to state a claim. "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020). The Court discerns no clear error of law in its prior decision.

Finally, Burrell argues that *Burrell v. Topham*, No. 1:21CV866 (E.D. Va. May 6, 2022), should not have counted as a strike because the action was dismissed for failing to return forms. Burrell also argues that *Burrell v. Shirley*, No. 1:22CV716 (TSE/WEF), 2023 WL 5228958 (E.D. Va. July 20, 2023), and the current case, *Burrell v. Wellpath Corporation*, No. 3:23CV398, should not count as strikes because these dismissals were based on improper rulings that Burrell had three strikes. (ECF No. 9, at 3–4.) None of these three cases were dismissed as frivolous, malicious, or for failure to state a claim. Therefore, they were not considered strikes for the assessment under 28 U.S.C. § 1915(g).

In sum, Burrell fails to show that the Court's assessment that he had three strikes under § 1915(g) was an error, much less a clear error of law, and fails to show any other grounds for Rule 59(e) relief. Accordingly, the Rule 59(e) Motion (ECF No. 9) will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: November 30, 2023
Richmond, Virginia